UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | : | |
|---|---|---|
| BRENNA PARADINOVICH, | : | CASE NO. 1:20-cv-01888 |
| | : | |
| Plaintiff, | : | OPINION & ORDER |
| | : | [Resolving Docs. 1; 13] |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Brenna Paradinovich seeks judicial review of the Social Security Commissioner's final decision denying Plaintiff's application for supplemental security income disability benefits.[1]

In support of her request for review, Plaintiff Paradinovich argues that substantial evidence did not support the Administrative Law Judge's finding that Plaintiff retained a residual functional capacity for unskilled, low-stress work.[2] The Commissioner opposes.[3]

Magistrate Judge Carmen E. Henderson filed a Report and Recommendation, recommending the Court affirm the Commissioner's decision and overrule Plaintiff's statement of errors.[4] Plaintiff Paradinovich objects.[5] The Commissioner responds.[6]

With this decision, the Court decides whether the Social Security Administration's decision is "supported by substantial evidence and [is] made pursuant to proper legal

---

[1] Doc. 1.
[2] Doc. 13.
[3] Doc 16.
[4] Doc. 17. *See* Local Rule 72.2(b).
[5] Doc. 18.
[6] Doc. 19.

Case No. 1:20-cv-01888
GWIN, J.

standards."[7] The Court also decides whether appropriate consideration was given to the treating physician's medical opinion.[8]

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Henderson's Report and Recommendation.

I.  Background

In July 2017, Plaintiff Brenna Paradinovich applied for supplemental security income disability benefits.[9] She claims that mental health conditions disable her from employment. The Social Security Administration denied Paradinovich's application initially and upon reconsideration.[10]

Paradinovich requested a hearing before a Social Security Administrative Law Judge ("ALJ").[11] On August 28, 2019, an ALJ conducted a hearing on Paradinovich's case.[12] On September 27, 2019, the ALJ found Paradinovich was not disabled and denied Paradinovich's claim.[13] The Appeals Council declined to further review Paradinovich's case.[14] The ALJ's decision is the Social Security Commissioner's final decision.

On August 25, 2020, Plaintiff Paradinovich filed this case seeking judicial review of the Commissioner's final decision.[15] In her merits brief, Plaintiff asserts that the ALJ's decision finding Plaintiff retained a residual functional capacity for unskilled, low-stress work was not supported by substantial evidence because the ALJ erred in evaluating Dr. Roy

---

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(g).
[8] *See* 20 C.F.R. § 404.1520c(c).
[9] Doc. 12 at 228.
[10] *Id.* at 155; 158; 161; 166; 169; 172.
[11] *Id.* at 174.
[12] *Id.* at 59.
[13] *Id.* at 39–53.
[14] Doc. 12 at 5.
[15] Doc. 1; Doc. 13.

Case No. 1:20-cv-01888
GWIN, J.

Vellanki's opinion.[16] Further, Plaintiff argues she did not experience "stabilization and improvement of symptoms" as reported by the ALJ.[17] Defendant Commissioner filed a responding merits brief arguing that the ALJ's residual functional capacity assessment was supported by substantial evidence.[18]

On September 28, 2021, Magistrate Judge Henderson issued a Report and Recommendation, recommending the Court affirm the Commissioner's final decision denying Plaintiff's application.[19] Magistrate Judge Henderson found that the ALJ's assessment of Dr. Vellanki's opinion satisfied C.F.R. § 404.1520c and was supported by substantial evidence.[20]

## II. Legal Standard

The Court reviews *de novo* the objected-to portions of a Magistrate Judge's Report and Recommendation.[21]

When reviewing an ALJ's disability determination under the Social Security Act, a district court determines whether the ALJ's decision is "supported by substantial evidence and [is] made pursuant to proper legal standards."[22] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[23] Substantial evidence is more than a scintilla of evidence, but less than a preponderance.[24]

---

[16] Doc. 13.
[17] *Id.* at 15.
[18] Doc 16.
[19] Doc. 17.
[20] *Id.* at 16.
[21] 28 U.S.C. § 636(b)(1).
[22] *Rogers*, 486 F.3d at 241; 42 U.S.C. § 405(g).
[23] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks omitted).
[24] *Id.*

Case No. 1:20-cv-01888
GWIN, J.

A district court should not try to resolve "conflicts in evidence[] or decide questions of credibility."[25] A district court may not reverse an ALJ's decision when substantial evidence supports it, even if the court would have made a different decision.[26]

### III. Discussion

Plaintiff Paradinovich argues that the ALJ's decision finding Plaintiff retained a residual functional capacity for unskilled, low-stress work was not supported by substantial evidence because the ALJ erred in evaluating Dr. Roy Vellanki's opinion.[27]

For claims filed after March 2017, the regulations no longer allow ALJs to defer or give any specific evidentiary weight, including controlling weight, to any medical opinion.[28] This includes opinions by treating physicians.[29] Instead ALJs must evaluate the persuasiveness of medical opinions using five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors.[30] Supportability and consistency are the most important factors.[31] The ALJ is required to explain how they considered the supportability and consistency of relevant medical opinions in their written decision.[32] When unaccompanied by further explanation, a check-box form medical opinion should be considered to the degree that its consistent with other medical findings.[33]

---

[25] *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).
[26] *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) (holding that an ALJ's decision cannot be overturned so long as the ALJ's decision was supported by substantial evidence).
[27] Doc. 13.
[28] 20 C.F.R. § 404.1520c(a).
[29] *Id.*
[30] 20 C.F.R. § 404.1520c(c).
[31] 20 C.F.R. § 404.1520c(a).
[32] 20 C.F.R. § 404.1520c(b)(2).
[33] *See Ellars v. Comm'r of Soc. Sec.*, 647 F. App'x 563, 566 (6th Cir. 2016) ("Many courts have cast doubt on the usefulness of these forms and agree that administrative law judges may properly give little weight to a treating physician's check-off form of functional limitations that did not cite clinical test results, observations, or other objective findings.") (internal quotation omitted).

- 4 -

Case No. 1:20-cv-01888
GWIN, J.

Psychiatrist Roy Vellanki, M.D. treated Plaintiff for nineteen months starting in January 2018.[34] During that time he completed two check-box opinions regarding Plaintiff's functional abilities and treated Plaintiff on numerous occasions.[35] The ALJ concluded that Dr. Vellanki's opinions were not persuasive explaining that "Dr. Vellanki indicates significant functional restrictions that are not supported by or consistent with the evidence."[36]

The ALJ had sufficient support for evaluating Dr. Vellanki's medical opinion. The ALJ assessed Dr. Vellanki's opinion's supportability and consistency as required by the regulations.[37] In doing so, the ALJ concluded that Dr. Vellanki's opinion that Plaintiff had extreme limitations in adapting or managing herself and interacting with others was inconsistent with Plaintiff's daily activities. The ALJ also concluded that Dr. Vellanki's opinion regarding Plaintiff's functional limitations was not supported by evidence that Plaintiff tolerated her medication and experienced stable symptoms. There is sufficient evidence in the record to support these conclusions.[38]

The ALJ therefore evaluated Dr. Vellanki's opinion using the two required factors, finding both weighed in favor of discounting his opinion. The ALJ provided sufficient evidence to support this finding. Because it is not the Court's role to reweigh the evidence, the Court must affirm the ALJ's decision.[39]

---

[34] Doc. 12 at 521.
[35] *Id.* at 473–476; 606–609.
[36] *Id.* at 51.
[37] *Id. See* 20 C.F.R. § 404.1520c(b)(2).
[38] Plaintiff was able to care for young children, attend therapy sessions, prepare meals, drive, and grocery shop with regularity. Further Plaintiff reported improvement in symptoms based on medication.
[39] *Mullins v. Sec'y of Health & Hum. Servs.*, 680 F.2d 472, 472 (6th Cir. 1982).

Case No. 1:20-cv-01888
GWIN, J.

### IV.  Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Magistrate Judge Henderson's Report and Recommendation.

IT IS SO ORDERED.

Dated: November 4, 2021                              *s/      James S. Gwin*
                                                                    JAMES S. GWIN
                                                                    UNITED STATES DISTRICT JUDGE